Rayminh L. Ngo, Esq.,
EDNY #RN4834
HIGBEE & ASSOCIATES (Of Counsel)
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff,*
CHRISTOPHER SADOWSKI

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| CHRISTOPHER SADOWSKI, | Case No. _____ |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT** |
| JEWISH VOICE INC.; and DOES 1-10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, Christopher Sadowski alleges as follows:

**JURISDICTION AND VENUE**

1.      This is a civil action seeking damages and injunction relief for

copyright infringement under the Copyright Act of the United States, 17 U.S.C. §

1

101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within the State of New York Defendant's acts of infringement complained of herein occurred in the State of New York, and Defendant caused injury to Plaintiff within the State of New York.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

### PARTIES

5. Plaintiff Christopher Sadowski ("Sadowski" or "Plaintiff") resides in the State of New Jersey and is a professional photographer by trade.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Jewish Voice Inc. ("Defendant") is a Corporation organized under the laws of New York with a principal place of business at 2154 East 4th Street, Brooklyn, NY 11223-4037.

7. On information and belief, Defendant is the owner and operator of

the website www.jewishvoiceny.com ("Defendant's Website").

8.      On information and belief, Defendant receives monetary gain through advertising revenue generated on Defendant's Website by posting content to attract user traffic.

9.      Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

10.     For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

## FACTUAL ALLEGATIONS

11.     Plaintiff Christopher Sadowski is a professional photographer by

trade. Sadowski has licensed or sold his photographs to dozens of major media outlets such as The New York Post, Boston Globe, Boston Herald, Los Angeles Times, Toronto Sun, Newsweek Magazine, People Magazine, the Associated Press, and USA Today.

12.   Sadowski is the sole author and exclusive rights holder to an original photograph of the Columbia University dorms (the "Columbia Image") and an original photograph of an apartment building turned homeless shelter ("Apartment Image") (collectively the "Images") the. True and correct copies of the original Images is attached hereto as Exhibit A.

13.   Sadowski registered the Images with the United States Copyright Office. Sadowski registered the Columbia Image under registration number VA 2-040-938 and the Apartment Image under registration number VA 2-069-736.

14.   The Images originally appeared on the New York Post ("Post") website. The Columbia Image originally appeared on January 19, 2017 in an article titled "Woman dies after jumping from Columbia dorm;" and the Apartment Image originally appeared on August 16, 2017 in an article titled "Developer gets easy money for turning building into homeless shelter" ("Post Articles").   *See*   https://nypost.com/2017/01/19/woman-clinging-to-life-after-jumping-from-columbia-dorm/;   and   https://nypost.com/2017/08/16/developer-gets-easy-money-for-turning-building-into-homeless-shelter/.

4

15. Sadowski's Images as featured in the Post Articles included a credit below the bottom left corner crediting the Images to Sadowski.

16. After the Images appeared in the Post Articles, Sadowski discovered that Defendant had used the Images with the photo credit removed on Defendant's Website ("Infringing Articles"). A true and correct copy of the Infringing Articles featuring Sadowski's Images is attached hereto as Exhibit B.

17. Sadowski never authorized Defendants to use the Images in any manner.

18. On information and belief, Defendant willfully removed Sadowski's photo attribution because Defendant knew it did not have permission to use the Images.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101** *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Images.

21. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Images in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted,

5

publicized, and otherwise held out to the public for commercial benefit, the original and unique Images of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Articles on Defendant's Website.

22. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

23. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

24. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. § 1202

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. On information and belief, Defendant knew that Plaintiff created the Images because, *inter alia*, the source of the Images that Defendant used to make infringing copy, the Post Articles, specifically attributed the Images to Plaintiff.

27. Defendant intentionally falsified copyright management information related to the Images with the intent to induce, enable, facilitate, or conceal an

6

infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to credit Plaintiff in order to mislead the public into believing that Defendant either owned the Images or had legitimately licensed it for use in the Infringing Articles.

28. Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

29. Defendant's falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

30. Defendant's falsification of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image. Defendant also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Images.

31. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

32. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from

7

Defendant for each violation of 17 U.S.C. § 1202.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For statutory damages against Defendant pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202;

- For general and special damages against Defendant according to proof together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: May 9, 2018                                                  Respectfully submitted,

                                                                    **/s/ Rayminh L. Ngo**
                                                                    Rayminh L. Ngo, Esq.,
                                                                    EDNY #RN4834
                                                                    HIGBEE & ASSOCIATES
                                                                    *Counsel for Plaintiff,*

## DEMAND FOR JURY TRIAL

Plaintiff, Christopher Sadowski, hereby demands a trial by jury in the above matter.


Dated: May 9, 2018                                          Respectfully submitted,


                                                                        **/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.,
EDNY #RN4834
HIGBEE & ASSOCIATES *Counsel for Plaintiff,*

# Exhibit "A"





# Exhibit "B"

Monday, June 12, 2017

# the Jewish Voice
### MAY THE EARTH HEAR THE WORDS OF MY MOUTH

Home    Breaking News    Business    Local    Lifestyle    Opinion    Torah    Classified    Archives    Subscribe    Support the JV



You are here: Home › Lifestyle › Education › Spate of Suicides Rock Columbia U's Campus

## Spate of Suicides Rock Columbia U's Campus

Written by Ariella Haviv
Created: February 08, 2017



One of those who chose to end his life was 18-year old Taylor Gilpin Wallace. As the valedictorian of his high school in a small town in Missouri, he was also a star athlete.



By: Ariella Haviv

Students, parents and faculty at Columbia University's upper Manhattan campus are recoiling in shock and horror over the spate of suicides that have taken place since the semester began in September.

As an Ivy League institution of higher learning that is internationally renowned for admitting only the brightest and most motivated students, it is also synonymous with the excessive amount of pressure that is placed on students to succeed in this highly stressful environment.

Since September there have been five student suicides and two student deaths that were attributable to drug overdoses.

According to a report in the NY Post, the student deaths include three from last month alone, one of them an exchange student from Japan who leaped from a seventh-floor dorm window.

The four other suicides happened once each month from September through December, and include a literature student from Morocco, a 21-year-old budding journalist and a 29-year-old Navy veteran.

The paper also reported that a vast majority of Columbia students told them during a course of interviews that were conducted that the "relentless academic stress" and the university's failure to successfully address the burgeoning subject of student suicides were the underlying cause of this frightening phenomenon.

[https://www.pressreader.com/usa/the-jewish-voice] d, who said that the pressure placed on students is totally unremitting. "It's all coming at you at once. This is such a good school and everybody here has earned getting in — they're all very smart," she said.

Then "You realize as these deaths are happening ... that maybe some people maybe feel it more than you do."

The first student suicide of the fall 2016 semester occurred on September 6th, when Navy veteran, Uriel Florez, 29, took his own life using a shotgun in his home in Nutley, New Jersey. According to his sister, Natalie Candela, 43, Florez had left behind two dozen handwritten suicide notes. She also told the Post during an interview that she suspected that depression and Post Traumatic Stress Disorder also heavily factored in to why her brother decided to commit suicide.

One of those who chose to end his life was 18-year old Taylor Gilpin Wallace. As the valedictorian of his high school in a small town in Missouri, he was also a star athlete. Excited to have been accepted to Columbia, Taylor wanted to become a heart surgeon. But things went awry when he was unable to connect to any social groups on campus and the loneliness and isolation became too much for him to endure. Without any warning, on October 27, Wallace hanged himself in the basement of his parents home, while he was there on a visit from college.

The third suicide that took place this year was on November 22nd, when an Arlington, Virginia woman, Nicole Katherine Orttung ended her life also while visiting home. Orttung, 21, was a journalist with lots of promise. She was a staff writer for the Columbia Spectator and the Christian Science Monitor where she often wrote on society's collective role in rectifying a panoply of social injustices, according to the report in the NY Post.

On December 18th, a senior literature major from Morocco was found dead inside her dorm room near Columbia's Morningside Heights campus. The Post reported that a plastic bag was found on Mouna Abousaid's head, and she may have been dead for several days, according to police and student sources.

On January 13th, a fifth suicide occurred at Columbia University, when Japanese exchange student, Yi-Chia "Mia" chen leaped to her death from the seventh floor of her dorm at Broadway and West 113th Street.

Police sources say that the sixth and seventh deaths are assumed drug ODs — narcotics paraphernalia was recovered at both scenes, sources said, though confirmatory toxicology results are still pending.

By: Ariella Haviv

[https://www.pressreader.com/usa/the-jewish-voice]

  

Men: No Viagra Needed If You Do This    How To Reverse Type 2 Diabetes    Clint Eastwood Leaves Us At 86...    How To Fix Your Fatigue (Do This Every

MSNBC under fire for Maddow's news.    Husband and Wife Turn Down Largest    Republicans in Panic After Truth is Exposed    Trump's Steve Bannon Warns of 'Fourth

Powered by FeedNetwork

[https://www.pressreader.com/usa/the-jewish-voice]

